CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
07/31/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| AL-QAHIRA BAKRA,<br><br>                  *Plaintiff,*<br><br>v.<br><br>RST MARKETING, ET AL.,<br><br>                  *Defendants.* | CASE NO. 6:19-cv-00033<br><br>MEMORANDUM OPINION<br><br>SENIOR JUDGE NORMAN K. MOON |

Al-Qahira Bakra, proceeding *pro se*, commenced this action by filing a form complaint for employment discrimination against "RST Marketing/Et. Al" and "Nick/Workforce Solutions Et. Al." (Dkt. 2 (Compl.)). The Plaintiff has not paid the filing fee but will be granted leave to proceed *in forma pauperis*. (*See* Dkt. 1). For the following reasons, the Court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The Plaintiff will, however, be granted leave to amend his complaint.

## I.    BACKGROUND

The following is taken from the complaint and the exhibits attached to the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (noting that the court may consider exhibits to a complaint in assessing its sufficiency). Plaintiff alleges discrimination in employment pursuant to (1) the Americans with Disabilities Act of 1990, for an unspecified disability, and (2) Title VII of the Civil Rights Act of 1964, based on his religion. (Dkt. at 1-4). He claims discriminatory conduct of (1) termination of his employment, (2) failure to accommodate his disability, and (3) unequal terms and conditions of his employment. (*Id.* at 4).

In his recitation of the facts of his case, Plaintiff alleges that his only transportation to and from work was by bicycle and that he had to travel for weeks until receiving a day off and could not travel during severe weather conditions and due to transportation problems. He further alleges that Defendant Workforce Solutions improperly denied that Plaintiff called in or texted for his no-shows. He alleges that the day he was terminated he received notice only during the final two hours of his workday. (Dkt. 2 at 4-5).

In the form complaint space for stating relief requested and any basis for the claimed amount, Plaintiff states that he risked his life for employment (apparently referring to his travel to and from work by bicycle). Plaintiff further states: "Also once I told supervisors I was [M]uslim they acted different toward me." He also alleges that he was told one individual was saying that Plaintiff had "said nasty conversations." (Dkt. 2 at 5-6).

Plaintiff alleges he filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory conduct in October or November 2018. (Dkt. 2 at 5). The complaint further states that the EEOC issued a Notice of Right to Sue Letter. (*Id.*). Plaintiff subsequently filed an EEOC "Dismissal and Notice of Rights" dated February 4, 2019. The EEOC copied RST Marketing, Inc. on the Notice. The Notice informed Plaintiff of his right to file a lawsuit within 90 days of his receipt of the Notice. (Dkt. 3). The scope of Plaintiff's charge filed with the EEOC, however, is unclear at this time.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2), which governs *in forma pauperis* proceedings, the court has a duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards for dismissal

under § 1915(e)(2)(B)(ii) are the same as those for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, to survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Further, "a judge must accept as true all of the factual allegations contained in the complaint" and accord a liberal construction to a pro se litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

## III. DISCUSSION

Plaintiff checked the form complaint boxes for employment discrimination based on (1) disability or perceived disability under the Americans with Disabilities Act ("ADA"), and (2) religion under Title VII of the Civil Rights Act of 1964. (Dkt. 2 at 4). Each claim will be considered separately.

### A. Americans with Disabilities Act Employment Discrimination Claim

Title I of the ADA makes it unlawful for qualifying employers to "discriminate against a qualified individual" on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). The term "disability" means (1) a physical or mental impairment that substantially limits one or more major life activities of an individual, (2) a record of such impairment, or (3) being regarded as having such an impairment. *Id.* § 12102(1). The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42 U.S.C. § 12111(e).

To establish a claim for disability discrimination under the ADA, a plaintiff must prove that (1) he or she has a disability within the meaning of the ADA, (2) he or she is a "qualified individual" for the employment in question, and (3) that the employer discharged the plaintiff or took other adverse employment action because of the disability. *Campbell v. StoneMor Partners, LP*, No. 3:17-cv-407, 2018 WL 3451390, at *4 (E.D. Va. July 17, 2018), *aff'd*, 752 F. App'x 166 (4th Cir. 2019) (unpublished) (per curiam). Specifically, a plaintiff's disability must be a but-for cause of the plaintiff's discharge or other adverse action. *See Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 236 (4th Cir. 2016).

Although a plaintiff need not plead facts which establish a *prima facie* case under the ADA, "surely a plaintiff alleging discrimination on the basis of an actual disability under 42 U.S.C. § 12102(1)(A) must allege a specific disability. . . . Quite apart from the enhanced pleading requirements imposed by the Supreme Court in . . . *Twombly* . . . and *Iqbal* . . . a defendant is entitled to 'fair notice,' in the complaint, of the plaintiff's claim. The defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability." *Tate v. SCR Medical Transp.*, 809 F.3d 343, 345-46 (7th Cir. 2015) (citations omitted). Further, merely stating that one has a disability and suffered discrimination does not raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555, 570.

Here, Plaintiff alleges he has a disability but does not name the disability. He also alleges generally that he was terminated and treated unequally. Plaintiff failed to "specify [his] disability" as directed by the form complaint and, importantly, did not reference any disability in his factual allegations. (*Id.*). The Complaint on its face is devoid of any reference to the particular disability or disabilities that form the basis for any alleged discrimination relating to termination, failure to accommodate any disability, or unequal terms and conditions of employment.

Although Plaintiff attached medical information relating to a July 3, 2018, visit to Centra Health as an exhibit, (dkt. 2-3), he fails to indicate the disability or disabilities which form the basis for his complaint. "Any claim of disability discrimination that plaintiff's complaint might be read as asserting is barred due to plaintiff's failure to specify the allegedly disabling impairment." *Coleman v. Ford Motor Co.*, No. 3:04CV7590, 2005 WL 1459549, at *2 (N.D. Ohio June 17, 2005). Nor, alternatively, does the complaint allege facts indicating that the Defendants regarded him as disabled under the ADA. Thus, Plaintiff's ADA claim fails to state a claim on which relief may be granted.

In addition to his failure to identify a disability or disabilities, Plaintiff has not alleged facts connecting his disability (whatever that may be) to any failure to accommodate, unequal terms and conditions of employment, or termination. Without allegations of facts regarding these issues, the ADA claim cannot rise above a speculative level.

Therefore, Plaintiff's claims under the ADA will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted but without prejudice to Plaintiff amending his complaint to correct these deficiencies and those noted below.

**B.      Title VII Employment Discrimination Claim**

Plaintiff's form complaint also alleged a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Dkt. 2). Possible grounds for Plaintiff's Title VII claim appear to be (1) termination of his employment and (2) unequal terms and conditions of his employment. (*See* Dkt. 2 at 4). In the complaint section directing a plaintiff to set out the facts of his or her case, Plaintiff does not set out any facts which he relates to discrimination based on a protected trait but refers to limitations experienced by his "only transportation being a bike riding." (*Id.*). In seeking relief in the amount of $25,000.00, however, Plaintiff states that he risked his life for employment,

apparently due to riding a bike to and from work, and then states that "once I told supervisors I was [M]uslim they acted different toward me." Plaintiff also refers to a supervisor who informed him another individual "was saying false allegations about me saying I said nasty sextual conversations to my own cousin." (Dkt. 2 at 5).

"It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Plaintiff only references his religion. The Court, therefore, will consider Plaintiff's Title VII claim as one for wrongful termination and unequal terms of employment on account of his religion.

Although a Title VII employment discrimination plaintiff need not plead a prima facie case of discrimination, he or she must plausibly allege that (1) the employer took adverse action against the employee and (2) his or her religion was a motivating factor in the employment decision. "Factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see* 42 U.S.C. § 2000e-2(m) (unlawful employment practice established when party demonstrates race, color, religion, sex, or national origin was a motivating factor for any employment practice).

Plaintiff's alleges that after he told his supervisors that he was a Muslim, "they acted different towards me." (Dkt. 2 at 5). Plaintiff, although not clear on the point, appears to make a reference to a supervisor saying that someone else was making false allegations about Plaintiff making "nasty sexual conversations." (*Id.*). No connection is made between the example given and discriminatory conduct on the part of his supervisors or anyone else. "Title VII does not

6

guarantee a happy workplace, only one free from unlawful discrimination" on the basis of a protected trait. *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 773 (4th Cir. 1997).

Plaintiff does not allege facts on how he was treated differently because of his religion. As to any claim that he suffered discriminatory conduct by unequal terms and conditions of employment, the complaint fails to allege any facts on how his treatment differed from other employees. The only grounds for his termination alleged in the complaint appear related to his no-shows because he was unable to get to work. These factual allegations fall far short of raising a right to relief above a speculative level. Finally, the complaint does not contain factual allegations that give plausible support to even a minimal inference of discriminatory motivation on account of Plaintiff's religion.

## C.     Supervisors and Co-Employees

Title VII and the ADA provide causes of action against only employers, not supervisors or fellow employees. *Lissau v. S. Food Servs., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (supervisors not liable in their individual capacities for Title VII violations); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) ("Title VII, the ADA, . . . do not provide for causes of action against defendants in their individual capacities."). Thus, any claim against "Nick," who is named in the complaint along with Workforce Solutions, is subject to dismissal for that ground alone.[1]

## IV.     CONCLUSION

For the reasons stated, the Court will grant Plaintiff's motion to proceed *in forma pauperis* but his complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

---

[1] Only a "covered entity" is subject to the ADA. The term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee. 42 U.S.C. §§ 12111(2), 12112(a).

The Court will permit Plaintiff to amend his complaint to correct the deficiencies identified in this Memorandum Opinion. In addition, the Court directs Plaintiff's attention to the first paragraph of Section III of the form Pro Se Complaint for Employment Discrimination, which requires him to: (1) state how each defendant was involved and what each defendant did that caused his harm or violated his rights, including the dates and places of that involvement and conduct; and (2) if more than one claim is asserted, Plaintiff must number each claim and write a short and plain statement of each claim in a separate paragraph. Thus, any amended complaint must separately address the ADA claim and the Title VII claim. Plaintiff may attach additional pages if needed.

Plaintiff will be given twenty-one (21) days from the date the accompanying Order is filed (plus three days for mail time) to file an amended complaint, correcting the deficiencies noted in this Memorandum Opinion. *See* Fed. R. Civ. P. 15(2) (court should freely give leave to amend when justice so requires). If the Plaintiff fails to file an amended complaint within that time period, the action will remain dismissed without prejudice and the Clerk of the Court will strike the action from the Court's active docket.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion and the accompanying Order to any counsel of record and to the Plaintiff. The Clerk of the Court will be directed to send a blank copy of the Pro Se Complaint for Employment Discrimination to the Plaintiff.

Entered this 31st day of July 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE